HEYWOOD *et al. v.* THACHER.

(*Supreme Court, General Term, First Department.*    June 29, 1892.)

RES JUDICATA—PARTIES.
    Where a judgment creditor of one who has made an assignment for the benefit of creditors obtains a decree setting aside the assignment, appointing a receiver, and ordering an accounting, such decree and proceedings thereunder do not bind creditors other than the one at whose instance the decree was granted.

Motion by plaintiffs for a reargument.    Denied.
For decision on appeal, see 19 N. Y. Supp. 321.
Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

BARRETT, J.    The case of *Mandeville* v. *Avery*, 124 N. Y. 376, 26 N. E. Rep. 951, was not brought to the attention of the court upon the argument of this appeal.    But with this case before us the conclusion arrived at would have been the same.    The distinction between the two cases is pointed out by the assignee's counsel.    That distinction is a clear one.    The effect of the judgment in this case was to set aside the assignment as against the plaintiffs, and against them only.    No accounting which the court could order in this action would have been binding upon creditors who were not parties to the action.    If, for instance, the assignee had been successful upon such accounting in sustaining his claims for the items disallowed, the order in his favor would not have barred other creditors.    These other creditors could have questioned these very items in their cases.    The rule should operate both ways, and no final decree should be made with reference to the estate generally except such as would bind all parties and release the assignee.    In the case of a single plaintiff proceeding solely on his own account, the court can direct such an accounting as will bind both parties to the record, and as may be needful to procure satisfaction of the particular claim sought to be recovered.    It may well be doubted whether the court has authority to proceed further in this class of cases without bringing in all other parties in interest or without notice to them.    Our construction of the decree in this case removes all embarrassment on this head, and avoids all question as to its validity.    Whatever may have been the duty of the referee, the power of the court upon the case being again brought before it to make such final order or judgment as is appropriate cannot be doubted.    We think the order already directed by the general term was in substance the order which the court at special term should have made when the case was thus before it upon the entire record, including the decree and the referee's report, and the motion for a reargument should therefore be denied.

VAN BRUNT, P. J.    I concur in the result of the foregoing opinion, that the motion for reargument should be denied.    The decision made was arrived

at with deliberation, and after a close examination of the record and question involved. It may be true that in the decision rendered assumptions were indulged in which were not justified by the record, as seems to be done in the foregoing opinion, but nothing in the record was overlooked by the learned justices who concurred in the prevailing opinion. It was deliberately decided that upon an appeal from an order confirming a referee's report, appointed by a judgment, where a referee had acted strictly pursuant to the directions of the judgment, without any appeal having been taken therefrom, this court had the right to reverse the referee's report and the judgment in a material portion thereof, no portion of the record upon which such judgment was founded being before this court.

O'BRIEN, J. The rule of law, however logical, which prevents an assignee from being credited with amounts paid out in good faith for counsel fees and other expenses in his effort to uphold an assignment which has been attacked by creditors, and subsequently set aside on the ground of fraud, has always seemed to me to be a harsh one. Where, as in this case, it would appear that no person other than the plaintiff was interested in the result of the action, and that an amount sufficient to fully compensate him was in the hands of the receiver, I was therefore of opinion that the result reached by Mr. Justice BARRETT would serve the ends of exact justice. Our attention is now called to the case of *Mandeville* v. *Avery*, 124 N. Y. 376, 26 N. E. Rep. 951, for the first time; and, as stated by Mr. Justice BARRETT, it was not brought to the attention of the court upon the argument of the appeal. That case is seemingly authority for the view that a receiver in actions prosecuted to set aside transfers of property made by a debtor to defraud creditors represents the creditors, and possesses the same rights as the creditors, under whose judgments he was appointed, would themselves have had. This case, together with the facts now appearing, that the suit was brought, not only on behalf of the plaintiff, but that there are other judgment creditors who take the same position, hostile to the assignment, and whose claims may not be secured by the amount now in the hands of the receiver, it seems to me presents a case for a reargument, to the end that all the facts may be again presented, and the bearing of *Mandeville* v. *Avery* thereon determined. I am therefore of opinion that the motion for a reargument should be granted.

VAN BRUNT, P. J. Upon reading the above memorandum I am at a loss to understand how facts appearing outside of the appeal book can be considered upon a motion for reargument. The new argument would be upon the facts disclosed by record only if a reargument is ordered upon extrinsic facts. The reargument would be ordered upon one record and the reargument heard upon another.